IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVIS OGDEN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **09-124-WDS** |
| | ) |
| **DYCO**, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendant to respond to interrogatories propounded on or about June 1, 2009. **(Doc. 26).** Plaintiff argues that defendant has offered only "boilerplate" objections and falsehoods regarding why full responses are not offered.

In response, defendant reiterates it's position that plaintiff's claims are legally baseless, and otherwise stands by its objections and responses. **(Doc. 27).** From defendant's perspective, this is not a patent infringement case, because there is no valid patent. Not only does defendant ask that plaintiff's motion to compel be denied, it also seeks an award of attorney's fees and costs associated with having to respond to the subject motion.

Defendant's objections/responses are primarily premised on its assertion that plaintiff did not have a valid patent and therefore his claims are frivolous, thereby rendering plaintiff's requests irrelevant. U.S. District Judge William D. Stiehl has not ruled on defendant's motion to dismiss the amended complaint. Defendant has not moved to stay discovery pending Judge Stiehl's ruling. Defendant's *belief* that this action is frivolous is not grounds for not complying

1

with an otherwise valid discovery request, nor can that belief be used as a basis for assessing relevance.

Plaintiff's assertions that defendant is not being forthright and honest in its responses is baseless. If at a later time plaintiff can establish that defendant has improperly withheld information or been dishonest, sanctions, including the entry of default, are available remedies.

With all of that said, the Court will examine the other objections raised by defendant.

**Interrogatory No. 1**

Interrogatory No. 1 asks for the name, address and title of defendant's officers or employees who are providing the interrogatory answers. Defendant objected that: (1) there was no cognizable claim, therefore the question was not relevant; and (2) the information sought seeks information protected by the attorney-client privilege and/or work product doctrine.

For reasons stated above, the fact that defendant considers the complaint to be frivolous is of no import. The interrogatory is consistent with the fact that the defendant is a business, not an individual, which leaves the identity of the person answering on behalf of the business unknown. *See* **Fed.R.Civ.P. 33(b)(1)(B) and 33(b)(5).** Therefore, the interrogatory is not objectionable on its face. Of course, legal objections are properly asserted by counsel. *See* **Fed.R.Civ.P. 33(b)(5).** Because defendant objected to every interrogatory, its response to Interrogatory No. 1 is not improper.[1]

---

[1] For reasons set forth below, defendant will have to answer Interrogatory No. 1 when it responds as directed in this order.

**Interrogatory No. 2**

Interrogatory No. 2 seeks copies of product literature or advertising that includes photographs or depictions, descriptions or touts the benefits of any illuminated accumulation unit.[2]  Defendant asserts attorney-client privilege and the work product doctrine.

Federal Rule of Civil Procedure 26(b)(5)(A) requires not only that an assertion of privilege be expressly claimed, but also that sufficient information be communicated to enable the privilege claim to be assessed.  Defendant has failed to offer any explanation of how product literature and advertising– materials generally considered public– could be privileged and/or protected as claimed.  Therefore, defendant must comply with this discovery request by producing the requested material.

**Interrogatory No. 3**

Interrogatory No. 3 seeks the names and addresses of all subsidiaries, sales agents and resellers involved in the sales or distribution of any machinery designed, constructed or manufactured by defendant or its subsidiaries from 2005 to the present.  Defendant again asserts attorney-client privilege and the work product doctrine, but fails to explain how those protections could possibly be applicable.  Therefore, defendant must respond to Interrogatory No. 3.[3]

**Interrogatories Nos. 4-16**

Defendant asserted attorney-client privilege and the work product doctrine relative to

---

[2] The Court notes that Interrogatory No. 2 is properly characterized as a request for production, but defendant has not taken issue with the form of the discovery request.

[3] Although there are other objections that clearly could have been asserted, defendant has waived those objections and it is generally not the Court's role to raise such issues sua sponte.

Interrogatories Nos. 4-16, again without any explanation or information that would allow one to assess the applicability of the claimed protection.  In virtually every instance the Court cannot fathom how the claimed protection could possibly be applicable.  Therefore, defendant must respond to Interrogatories Nos.  4-16.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff's motion to compel the defendant to respond to interrogatories propounded on or about June 1, 2009  **(Doc. 26)** is **GRANTED**.  On or before **October 30, 2009**, defendant Dyco shall fully respond, without objection, to plaintiff's Interrogatories Nos.  1-16.

**IT IS SO ORDERED.**

**DATED:  October 9, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
